UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------x

Alberto Rivera,

                 Plaintiff,                ANSWER

        -against-

                                          26-CV-00400

Tenaglia & Hunt, P.A.,

                Defendant.

----------------------------------------x

Defendant Tenaglia & Hunt, P.A., by its attorneys, Barron & Newburger, P.C., answers plaintiff's complaint as follows:

## PRELIMINARY STATEMENT

Defendant acknowledges being sued for alleged violations of the Fair Debt Collection Practices Act and for violation of New York State law but denies any violations thereof.

## SUMMARY OF CLAIMS

Defendant acknowledges the factual allegations contained in the Summary of Claims but generally denies the allegations therein.

## THE PARTIES

1. Defendant admits the allegations contained in paragraph "1" of the complaint.

2. Defendant admits the allegations contained in paragraph "2" of the complaint.

3.    Defendant admits that it is a law firm located in New Jersey, but otherwise denies the allegations contained in paragraph "3" of the complaint.

4.    Defendant admits that it is a debt collector as defined in 15 U.S.C. §1692a(6), but otherwise denies the allegations contained in paragraph "4" of the complaint.

## STATEMENT OF FACTS

5.    Defendant admits filing a lawsuit against plaintiff in Queens County Civil Court but denies that the lawsuit was filed on October 30, 2018.  The lawsuit was filed on November 29, 2018.

6.    Defendant denies each and every allegation contained in paragraph "6" of the complaint.

7.    Defendant admits the allegations contained in paragraph "7" of the complaint.

8.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the complaint.

9.    Defendant denies knowledge  or information sufficient to form a belief as to the allegations contained in paragraph "10" of the complaint.

10.  Defendant denies each and every allegation contained in paragraph "10" of the complaint.

11.   Defendant admits sending correspondence to plaintiff on September 24, 2018. Defendant denies knowledge or information sufficient to form a belief with respect to plaintiff's recollection of receiving the correspondence.

12.   Defendant denies each and every allegation contained in paragraph "12" of the complaint. The lawsuit was filed on November 29, 2018.

13.   Defendant admits the allegations contained in paragraph "13" of the complaint.

14.   Defendant admits the allegations contained in paragraph "14" of the complaint.

15.   This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

**Tenaglia Uses the Fraudulent Judgment to Restrain Exempt Funds in Mr. Rivera's Bank Account, and Refuses to Release the Restraint, Forcing Mr. Rivera to Go to Court.**

16.   Defendant admits restraining plaintiff's bank account, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the complaint.

17.   Defendant denies each and every allegation contained in paragraph "17" of the complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the complaint.

20. Defendant denies each and every allegation contained in paragraph "20" of the complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the complaint.

24. Defendant admits the allegations contained in paragraph "24" of the complaint.

25. Defendant admits the allegations contained in paragraph "25" of the complaint.

26. Defendant admits receiving correspondence from plaintiff (Exhibit "F") but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the complaint.

27. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

28. Defendant denies each and every allegation contained in paragraph "28" of the complaint. While defendant received correspondence from plaintiff, it did not receive an exemption claim form from him.

29. Defendant admits the allegations contained in paragraph "29" of the complaint.

30. Defendant admits the allegations contained in paragraph "30" of the complaint.

31. Defendant admits the allegations contained in paragraph "31" of the complaint.

### Tenaglia Doubles Down and Opposes the Order to Show Cause

32. Defendant acknowledges plaintiff's contentions but did have the right to dispute plaintiff's contentions with regard to service of process.

33. Defendant admits the allegations contained in paragraph "33" of the complaint. The funds were ordered released by Civil Court, Queens County.

34.    Defendant admits seeking adjournments of the court proceeding but also asserts that plaintiff's funds were no longer being held while the court hearing was adjourned.

35.    Defendant denies each and every allegation contained in paragraph "35" of the complaint.

36.    Defendant denies each and every allegation contained in paragraph "36" of the complaint.  Defendant's opposition to plaintiff's Order to Show Cause did not mention the nature of the funds that had previously been restrained because those funds had already been released at the time that the opposition was filed with the Court.

37.    Defendant admits that plaintiff filed a Reply on October 31, 2025, but denies the accuracy of that Reply.

38.    Defendant admits the allegations contained in paragraph "38" of the complaint.

39.    Defendant acknowledges the content of Mr. Rivera's Reply but denies the accuracy of that Reply.

40.    Defendant admits the allegations contained in paragraph "40" of the complaint.

41.    Defendant denies each and every allegation contained in paragraph "41" of the complaint.

42.    Defendant admits the allegations contained in paragraph "42" of the complaint.

43. Defendant admits attempting to adjourn the traverse hearing, but otherwise denies the allegations contained in paragraph "43" of the complaint.

44. Defendant admits the allegations contained in paragraph "44" of the complaint.

45. Defendant denies each and every allegation contained in paragraph "45" of the complaint.

**The Collection Lawsuit Caused Mr. Rivera Significant Stress
And Forced Him to Incur Travel Expenses and Inflicted
Emotional Distress Damages**

46. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of the complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the complaint.

48. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48" of the complaint.

49. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49" of the complaint.

50.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "50" of the complaint.

51.    Defendant denies that plaintiff ever lost thousands of dollars from his bank accounts.

52.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "52" of the complaint.

## FIRST CAUSE OF ACTION
### Violation of the FDCPA, 15 U.S.C. §§1692e 1692f

53. Defendant repeats and realleges its previous admissions and denials contained in paragraph "53" of the complaint.

54.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

55.    This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

56.    Defendant admits the allegations contained in paragraph "56" of the complaint.

57.    Defendant admits the allegations contained in paragraph "57" of the complaint.

58.    Defendant admits the allegatons contained in paragraph "58" of the complaint.

59.    Defendant denies each and every allegation contained in paragraph "59" of the complaint.

60.    Defendant denies each and every allegation contained in paragraph "60" of the complaint.

61.    Defendant denies each and every contained in paragraph "61" of the complaint.

62.    Defendant denies each and every allegation contained in paragraph "62" of the complaint.

63.    Defendant denies each and every allegation contained in paragraph "63" of the complaint.

64.    Defendant each and every allegation contained in paragraph "64" of the complaint.

## <u>SECOND AND THIRD CAUSES OF ACTION</u>
### Negligence and Gross Negligence

65.    Defendant admits the allegations contained in paragraph "65" of the complaint.

66.    Defendant denies each and every allegation contained in paragraph "66" of the complaint.

67.    Defendant denies each and every allegation contained in paragraph "67" of the complaint.

68.    Defendant denies each and every allegation contained in paragraph "68" of the complaint.

69.    Defendant denies each and every allegation contained in paragraph "69" of the complaint.

70.    Defendant denies each and every allegation contained in paragraph "70" of the complaint.

71.    Defendant denies each and every allegation contained in paragraph "71" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

72.    Plaintiff's claim fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

73.    Plaintiff failed to mitigate damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

74.    Plaintiff's claims are barred, in whole or in part, by the applicable Statutes of Limitations.

WHEREFORE, Defendant prays that plaintiff takes nothing in this case and that it be awarded its fees and costs, together with all such other and further relief as to which it may be justly entitled.

Dated:  New City, NY
        April 23, 2026

_____

Arthur Sanders

BARRON & NEWBURGER, P.C.

Attorneys for Defendant

30 South Main Street

New City, NY  10956

845-499-2990


TO:

AHMAD KESHAVARZ, ESQ.

THE LAW OFFICE OF AHMAD KESHAVARZ

Attorney for plaintiff

16 Court Street, 26th Floor

Brooklyn, NY  11241